Shaw, C. J.
The consignee, by attempting to pledge the goods, consigned to him for sale, to the defendants, created no valid lien in their favor. The pledge was void as against the owner.
The power of the consignee to sell the goods was not revoked by his taking an advance and hypothecating them ; and therefore his sale to the plaintiffs, bond fide, and for a valuable consideration, was a valid contract of sale, and gave them a good title, if followed by an actual or constructive delivery. Had the ten barrels been identified and designated by marks and numbers, at the time of the sale, the specific ten barrels would be the subject of the sale, and then an order on the warehouse keeper to deliver them would be a good constructive delivery to vest the property fully in the vendee. *115 But, not being so marked and numbered, and being part of a larger mass, no particular ten barrels would thus vest, until a separation. But, when the vendors’ clerk, accompanied by the vendees’ servant, went and separated the ten barrels from the residue of the lot, it was a sufficient designation, to complete the sale and delivery of the ten barrels.
No question arises in this case, as to the defendants’ lieu .or storage, if any thing was due on that account: 1st, Because no such claim was made at the time of the demand, and the refusal to deliver the goods was not placed on that ground; and &d, Because the defendants retained and sold the goods, and this suit is for the proceeds. But, if the defendants could have asserted any claim of lien, on account of their advance, they waived it, by permitting the original consignee, to sell the goods as his own, and receive the pay, which fact was found by the jury. This was an implied waiver of their claim to such a lien, and a ratification, on their part, of the sale, which Gibson, as original consignee, had authority from the owners to make.

Exceptions overruled.